IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRENDA OTEKPEN                          §
                                        §
              Plaintiff,                §
                                        §
VS.                                     §
                                        §        NO. 3-07-CV-0497-B
JOHN DOE, Unknown Employees             §
of the Texas Commission on Private      §
Security                                §
                                        §
              Defendant.                §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Brenda Otekpen, a Texas citizen, against unknown employees of the Texas Commission on Private Security ("TCPS")[1] who allegedly disseminated false information about her qualifications to work as a private security officer. On March 16, 2007, plaintiff tendered a handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the

---

[1] TCPS regulates the private security industry in Texas. *See* Tex. Occ. Code Ann. § 1702.004.

interrogatories on April 13, 2007. The court now determines that this action should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

## II.

Although her complaint and interrogatory answers are difficult to decipher, plaintiff appears to allege that unknown TCPS employees have disseminated false information about her qualifications to work as a private security officer. Despite the fact that plaintiff has no criminal record and is certified to work as a commissioned security officer, TCPS allegedly informed at least one potential employer in 2001 that she had a Class B misdemeanor conviction and that her commission was on "hold." Plaintiff has reason to believe that TCPS has continued to disseminate false and misleading information about her as recently as last year. Unable to find a job in the private security industry, plaintiff now sues these unknown TCPS employees for defamation.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

     (1)    is frivolous or malicious;

     (2)    fails to state a claim upon which relief can be granted; or

     (3)    seeks money relief against a defendant who is immune from
             such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### B.

The court initially observes that plaintiff has failed to establish a basis for federal subject matter jurisdiction. Claims for defamation, including libel and slander, are state law matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374, 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988). Nor is federal diversity jurisdiction proper, as both plaintiff and the unknown TCPS employees are Texas citizens. *See* 28 U.S.C. § 1332(a)(1). For these reasons, this case should be dismissed for lack of subject matter jurisdiction.

### C.

In her interrogatory answers, plaintiff attempts to assert additional claims under Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* (*See* Interrog. #1(a)). Even if the court liberally construes plaintiff's complaint to include these federal claims, she is not entitled to relief. By their terms, Title VII, the ADEA, and the ADA protect individuals from unlawful employment practices committed by employers, employment agencies, and labor organizations. *See* 42 U.S.C. § 2000e-2

(Title VII); 29 U.S.C. § 623 (ADEA); 42 U.S.C. § 12112 (ADA).[2]  It is clear from the nature of her allegations that plaintiff never had an employment relationship with TCPS.  To the extent plaintiff attempts to recast her state law defamation claim as one for race discrimination under 42 U.S.C. § 1981, such a claim fails as a matter of law because that statute does not afford relief for damage to reputation.  *See Estiverne v. Times-Picayune, L.L.C.*, 206 Fed.Appx. 323, 325, 2006 WL 3059947 at *1 (5th Cir. Oct. 27, 2006) (damage to reputation, even if motivated by racial animus, is not actionable under section 1981).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that plaintiff fails to allege any facts which bring her within the class of persons protected by Title VII, the ADEA, or the ADA.  In particular, there is no allegation that plaintiff was discriminated against because of her race, ethnicity, gender, nationality, age, or any disability.